McGREGOR W. SCOTT
United States Attorney
MARK J. McKEON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NA YOUNG EOH,<br><br>Defendant. | CASE NO. 1:15-cr-00179-LJO<br><br>PLEA AGREEMENT<br><br>DATE: TO BE SET<br>TIME: TO BE SET<br>COURT: HON. LAWRENCE J. O'NEILL |

## I.     INTRODUCTION

### A.     Scope of Agreement.

The Superseding Information in this case charges the defendant with a violation of 18 U.S.C. § 1347 – Health Care Fraud. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.     Court Not a Party.

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in

PLEA AGREEMENT - EOH                1

the Superseding Information.  The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this plea agreement.  The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.      DEFENDANT'S OBLIGATIONS

### A.      Guilty Plea.

The defendant will plead guilty to the single count Superseding Information, Health Care Fraud, in violation of 18 U.S.C. § 1347.  The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case.  The defendant understands and agrees that she will not be allowed to withdraw her plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by her in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement.  The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.      Restitution.

The claims submitted by the defendant pursuant to this scheme to defraud were not paid by the insurance companies, and therefore there was no actual loss.

### C.      Fine.

The defendant reserves the right to argue to Probation and at sentencing that she is unable to pay a fine, and that no fine should be imposed.  The defendant understands that it is her burden to

1    affirmatively prove that she is unable to pay a fine, and agrees to provide a financial statement under

2    penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft

3    Presentence Investigation Report, along with supporting documentation.  The government retains the

4    right to oppose the waiver of a fine.  If the Court imposes a fine, the defendant agrees to pay such fine if

5    and as ordered by the Court, up to the statutory maximum fine for the defendant's offense.

6        **D.    Special Assessment.**

7        The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering

8    a check or money order payable to the United States District Court to the United States Probation Office

9    immediately before the sentencing hearing.  The defendant understands that this plea agreement is

10   voidable at the option of the government if she fails to pay the assessment prior to that hearing.

11       **E.    Violation of Plea Agreement by Defendant/Withdrawal of Plea.**

12       If the defendant, cooperating or not, violates this plea agreement in any way, withdraws her plea,

13   or tries to withdraw her plea, this plea agreement is voidable at the option of the government.  If the

14   government elects not to void the agreement based on the defendant's violation, the government will no

15   longer be bound by its representations to the defendant concerning the limits on criminal prosecution

16   and sentencing as set forth herein.  A defendant violates the plea agreement by committing any crime or

17   providing or procuring any statement or testimony which is knowingly false, misleading, or materially

18   incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct

19   constituting obstruction of justice.  Varying from stipulated Guidelines application or agreements

20   regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally

21   or through counsel, also constitutes a violation of the plea agreement.  The government also shall have

22   the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate

23   any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that

24   would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to

25   prosecution for any federal criminal violation of which the government has knowledge.  The decision to

26   pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

27       By signing this plea agreement, the defendant agrees to waive any objections, motions, and

28   defenses that the defendant might have to the government's decision.  Any prosecutions that are not

PLEA AGREEMENT - EOH                    3

1  time-barred by the applicable statute of limitations as of the date of this plea agreement may be

2  commenced in accordance with this paragraph, notwithstanding the expiration of the statute of

3  limitations between the signing of this plea agreement and the commencement of any such prosecutions.

4  The defendant agrees not to raise any objections based on the passage of time with respect to such

5  counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

6  Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as

7  of the date of this plea agreement.  The determination of whether the defendant has violated the plea

8  agreement will be under a probable cause standard.

9  In addition, (1) all statements made by the defendant to the government or other designated law

10  enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal,

11  whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or

12  administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no

13  claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

14  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by

15  the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed.

16  By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

17  **F.   Agreement to Cooperate.**

18  The defendant agrees to cooperate fully with the government and any other federal, state, or local

19  law enforcement agency, as directed by the government.  As used in this plea agreement, "cooperation"

20  requires the defendant:  (1) to respond truthfully and completely to all questions, whether in interviews,

21  in correspondence, telephone conversations, before a grand jury, or at any trial or other court

22  proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the

23  defendant's presence is requested by the government or compelled by subpoena or court order; (3) to

24  produce voluntarily any and all documents, records, or other tangible evidence requested by the

25  government; (4) not to participate in any criminal activity while cooperating with the government; and

26  (5) to disclose to the government the existence and status of all money, property, or assets, of any kind,

27  derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal

28  activities or the illegal activities of any conspirators.

PLEA AGREEMENT - EOH                              4

1                      **III.**     **THE GOVERNMENT'S OBLIGATIONS**

2       **A.**     **Dismissals/Other Charges.**

3           The government agrees to move, at the time of sentencing, to dismiss without prejudice the

4 original indictment, as to defendant EOH only.  The government also agrees not to reinstate any

5 dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E

6 (Violation of Plea Agreement by Defendant/Withdrawal of Plea), III.B.3 (Reduction of Sentence for

7 Cooperation), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral

8 Attack) herein.

9       **B.**     **Recommendations.**

10                1.     Incarceration Range.

11           If the defendant abides by all of her terms of pre-trial release and is not placed in custody pre-

12 trial or pre-sentencing as a result of any violation of her release conditions, then the government agrees

13 to recommend that if the defendant's guideline range, after all adjustments, falls within:

14           i.     Zone A of the Sentencing Table, the government will recommend that the defendant be

15                  sentenced to three (3) years of probation;

16           ii.     Zone B of the Sentencing Table, then the government will recommend that the defendant

17                  be sentenced to three (3) years of probation with a condition of probation that the

18                  defendant serve the minimum term of the guideline range in home detention, to be paid

19                  by the defendant;

20           iii.     Zone C of the Sentencing Table, then the government will recommend that the defendant

21                  be sentenced to imprisonment for half of defendant's minimum term with a term of

22                  supervised release which includes the remainder of the minimum term served in home

23                  detention, to be paid by the defendant; or

24           iv.     Zone D of the Sentencing Table, the government will recommend that the defendant be

25                  sentenced to imprisonment at the low end of the applicable guideline range.

26                2.     Acceptance of Responsibility.

27           The government will recommend a two-level reduction (if the offense level is less than 16) or a

28 three-level reduction (if the offense level reaches 16) in the computation of her offense level if the

1  defendant clearly demonstrates acceptance of responsibility for her conduct as defined in U.S.S.G.

2  § 3E1.1.  This includes the defendant meeting with and assisting the probation officer in the preparation

3  of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise

4  engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either

5  in the preparation of the pre-sentence report or during the sentencing proceeding.

6              3.     Reduction of Sentence for Cooperation.

7        The government agrees to recommend at the time of sentencing that the defendant's sentence of

8  imprisonment be reduced by up to 50% of the applicable guideline sentence if she provides substantial

9  assistance to the government, pursuant to U.S.S.G. § 5K1.1.  The defendant understands that she must

10  comply with paragraphs II.F and not violate this plea agreement as set forth in paragraph II.E herein.

11  The defendant understands that it is within the sole and exclusive discretion of the government to

12  determine whether the defendant has provided substantial assistance.

13        The defendant understands that the government may recommend a reduction in her sentence of

14  less than 50% or no reduction at all; depending upon the level of assistance the government determines

15  that the defendant has provided.

16        The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a

17  recommendation and is not binding on the Court, that this plea agreement confers no right upon the

18  defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers

19  no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion.  In

20  particular, the defendant agrees not to try to file a motion to withdraw her guilty plea based on the fact

21  that the government decides not to recommend a sentence reduction or recommends a sentence

22  reduction less than the defendant thinks is appropriate.

23        If the government determines that the defendant has provided further cooperation within one

24  year following sentencing, the government may move for a further reduction of her sentence pursuant to

25  Rule 35 of the Federal Rules of Criminal Procedure.

26  **C.**    **Use of Information for Sentencing.**

27        The government is free to provide full and accurate information to the Court and Probation,

28  including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate

1  statements or arguments by the defendant, her attorney, Probation, or the Court.  The defendant also

2  understands and agrees that nothing in this Plea Agreement bars the government from defending on

3  appeal or collateral review any sentence that the Court may impose.

4  Further, other than as set forth above, the government agrees that any incriminating information

5  provided by the defendant during her cooperation will not be used in determining the applicable

6  guideline range, pursuant to U.S.S.G. § 1B1.8, unless the information is used to respond to

7  representations made to the Court by the defendant, or on her behalf, that contradict information

8  provided by the defendant during her cooperation.

9  ## IV.   ELEMENTS OF THE OFFENSE

10  At a trial, the government would have to prove beyond a reasonable doubt the following

11  elements of the offense to which the defendant is pleading guilty,

12  18 U.S.C. § 1347 -  Health Care Fraud

13  First:      The defendant knowingly devised or participated in a scheme to defraud
14           California workers' compensation fund and/or private workers' compensation
             insurers or to obtain, by means of false or fraudulent pretenses, representations, or
             promises, any of the money or property owned by, or under the custody or control
15           of California workers' compensation fund and/or private insurers in connection
             with the delivery of or payment for health care benefits, items, or services;

16
17  Second:   The statements made or facts omitted as part of the scheme were material; that is,
           they had a natural tendency to influence, or were capable of influencing, a person
           to part with money or property;

18
19  Third,     The defendant acted willfully and with the intent to defraud; and

20  Fourth,    California workers' compensation was a public plan or contract, affecting
           commerce, under which medical benefits, items, or services were provided to any
           individual.

21

22  The defendant fully understands the nature and elements of the crime charged in the Superseding

23  Information to which she is pleading guilty, together with the possible defenses thereto, and has

24  discussed them with her attorney.

25  ## V.   MAXIMUM SENTENCE

26  ### A.   Maximum Penalty.

27  The maximum sentence that the Court can impose is ten years of incarceration, a fine of

28  $250,000, a three-year period of supervised release and a special assessment of $100.  By signing this

plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count to which she is pleading guilty. The defendant further agrees, as noted above, that she will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.    Violations of Supervised Release.**

The defendant understands that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years imprisonment.

# VI.    SENTENCING DETERMINATION

**A.    Statutory Authority.**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**B.    Estimated Guideline Calculation.**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1.    Base Offense Level:  6 [U.S.S.G. § 2B1.1(a)(2)]

2.    Acceptance of Responsibility:  See paragraph III.B.2 above

3.    Departures or Other Enhancements or Reductions:

The parties agree that they will not seek or argue in support of any other specific offense

1   characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"),

2   or cross-references, except that the government may move for a departure or an adjustment based on the

3   defendant's cooperation (§ 5K1.1) or post-plea obstruction of justice (§ 3C1.1).  Both parties agree not

4   to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or

5   variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738

6   (2005).

7   　　　The defendant also agrees that the application of the United States Sentencing Guidelines to her

8   case results in a reasonable sentence and that the defendant will not request that the Court apply the

9   sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the

10  Sentencing Guidelines' advisory guideline range as determined by the Court.  The defendant

11  acknowledges that if the defendant requests or suggests in any manner a different sentence than what is

12  called for under the advisory guideline range as determined by the Court, that will be considered a

13  violation of the plea agreement. The government's remedies and remaining obligations in this

14  agreement shall be as outlined in paragraph II.E, above.

15  　　　　　　　　　　　　　　**VII.　　WAIVERS**

16  　　　**A.　　Waiver of Constitutional Rights.**

17  　　　The defendant understands that by pleading guilty she is waiving the following constitutional

18  rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to

19  be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to

20  testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be

21  compelled to incriminate herself.

22  　　　**B.　　Waiver of Appeal and Collateral Attack.**

23  　　　The defendant understands that the law gives the defendant a right to appeal her guilty plea,

24  conviction, and sentence.  The defendant agrees as part of her plea, however, to give up the right to

25  appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not

26  exceed the statutory maximum for the offense to which she is pleading guilty.  The defendant

27  specifically gives up the right to appeal any order of restitution or forfeiture the Court may impose.

28  　　　Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if

one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or modify or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the rights set forth in Section II.E herein.

**C.      Waiver of Attorneys' Fees and Costs.**

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

**D.      Impact of Plea on Defendant's Immigration Status.**

Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her removal from the United States.

///

///

## VIII.   **ENTIRE PLEA AGREEMENT**

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   **APPROVALS AND SIGNATURES**

**A.   Defense Counsel.**

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated:   May 25, 2018

_____
Megan T. Hopkins
Attorney for Defendant

**B.   Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement.  In addition, no one has threatened or forced me in any way to enter into this plea agreement.  Finally, I am satisfied with the representation of my attorney in this case.

Dated:   5/25/18

_____
NA YOUNG EOH
Defendant

///
///
///
///
///

PLEA AGREEMENT - EOH                    11

**C.**   **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:   *May 30, 2018*

McGREGOR W. SCOTT
United States Attorney

MARK J. McKEON
Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Plea

Defendant EOH was a chiropractor, practicing in Bakersfield.

EOH, improperly submitted claims for payment for medical-legal reports written by her, ML 102 and ML 103, under circumstances when her writing a medical-legal report and her billing for it were not authorized by California law.  The following of proper procedures for writing and billing for medical-legal reports in a particular case was material to the decisions of the insurers on whether to pay the claims.

In furtherance of the scheme to defraud, EOH submitted claims in the approximate amount of $5,686.79 in connection with public plans or contracts affecting commerce under which medical benefits, items or services were provided to any beneficiary, as set forth in Exhibit "B" below.

EOH acted at all times willfully and with the intent to defraud.

1

## EXHIBIT "B"

2

| Insurance Company | Aggregate Claims Amount |
|---|---|
| State Compensation Insurance Fund | $ 2,806.34 |
| Zenith Insurance Company | $ 2,068.49 |
| Employers Compensation Insurance Company | $ 811.96 |
| **Total** | $ 5,686.89 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28